# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL D. MAZE,  
     Plaintiff,

  vs

IRONTON POLICE DEPARTMENT, *et al.*,  
     Defendants.

Case No. 1:20-cv-402

Black, J.  
Litkovitz, M.J.

**ORDER AND REPORT  
AND RECOMMENDATION**

Plaintiff, a pretrial detainee at the Laurence County Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and Ohio state law. (Doc. 1-1). Plaintiff brings claims arising out of an incident at St. Mary's Hospital, in Ironton, Ohio, where he allegedly was restrained by Ironton police officers and sustained injuries that required treatment at the hospital. (*Id.*). Plaintiff names as defendants the Ironton Police Department, Ironton police officers Kersten Harris and Chad Gue, the Lawrence County Sheriff's Department, Deputy Sheriffs Michael Delawder and Mark Majher, Sergeant Brian Chaffins, St. Mary's Hospital, and John Doe, a doctor at St. Mary's Hospital. (*Id.*). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of Complaint

### A.    Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

2

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaint**

Plaintiff alleges that in the early morning hours of May 18, 2019, defendant Ironton police officers Kersten Harris and Chad Gue forcefully restrained him outside of St. Mary's Hospital, where plaintiff apparently had gone because he was "in active seizures." (Doc. 1-1, at PageID 22). Plaintiff alleges that Harris used a taser numerous times against plaintiff and punched him in the face several times. (*Id.*). Plaintiff alleges that at the same time Gue struck plaintiff in the head with a flashlight, cutting his head and knocking him unconscious. (*Id.*).

Plaintiff asserts that after he was handcuffed, Harris and Gue shoved him down an

embankment, where he landed against a tree.   (Doc. 1-1, at PageID 22).   Harris and Gue then allegedly dragged plaintiff, who was unclothed, about twenty yards to St. Mary's Hospital, where hospital staff and other officers were waiting.[1]   (*Id.*).   Plaintiff alleges that one of the officers ripped the "darts" from the taser out of plaintiff's side.   (*Id.*).

Plaintiff alleges that he was then transported back into the hospital to finish receiving treatment for his seizures and to receive treatment for new injuries, including the strike to his head from the flashlight, which required five staples.   (Doc. 1-1, at PageID 22).   According to plaintiff, defendants Deputy Sheriff Majher and Sergeant Chaffins, as well as several non-defendant nurses and officers, saw what happened to plaintiff.   (*Id.* at PageID 22-23).

Although plaintiff was discharged from the hospital after the May 18, 2019 incident, he alleges that he returned to the hospital days later due to blood in his urine and substantial pain. (Doc. 1-1, at PageID 23).   Plaintiff alleges that the St. Mary's Hospital doctor who treated him on May 18, 2019, should not have released him.   (*Id.*).   Plaintiff further alleges that he developed a urinary tract infection from the catheter being "ripped out" when he was at the hospital.   (*Id.*).

Plaintiff alleges that defendant Deputy Sheriff Delawder told plaintiff that Delawder was angry because plaintiff almost got Majher fired and that Majher was written up as a result of the May 18, 2019 incident.   (Doc. 1-1, at PageID 23).   Plaintiff asserts that none of the officers who were at the hospital asked for statements from the nurses or other hospital staff who witnessed the May 18, 2019 incident.   (*Id.*).

---

[1]A number of plaintiff's allegations are asserted against non-defendant third parties.  To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal.

For relief, plaintiff seeks monetary damages and for his charges to be dropped.   (Doc. 1-1, at PageID 12).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that the complaint is deserving of further development and may proceed at this juncture against defendants Harris and Gue, in their individual capacities, for excessive force and, in an abundance of caution, against defendants Majher and Chaffins, in their individual capacities, for failure to protect.   *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff's complaint in all other respects should be dismissed.

The complaint should be dismissed against defendant Ironton Police Department because this defendant is not an entity capable of being sued.   Under Ohio law, "[a] police department is not a juridical entity subject to suit."   *Schaffner v. Pell,* No. 2:10-cv-374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006) (citations omitted)).

Likewise, plaintiff's complaint against defendant Lawrence County Sheriff's Department should be dismissed because this defendant is not an entity capable of being sued.  *See, e.g., Bay v. Clermont Cty. Sheriff's Dep't,* No. 1:08-cv-376, 2009 WL 2495774, at *2 (S.D. Ohio Aug. 12, 2009) (Dlott, J.; Black, M.J.) (and cases cited therein) (granting a motion to dismiss the county sheriff's department as a defendant in a prisoner civil rights action); *Sherrills v. Cuyahoga Cty. Corr. Ctr.,* No. 1:09cv1152, 2012 WL 3112308, at *2 (N.D. Ohio July 31, 2012) (footnote citations and internal quotation marks omitted) (finding that "[i]n addressing whether or not a county sheriff s department or its internal offices and departments can be properly named as a defendant in a § 1983 action, courts have consistently approved the dismissal of the county

5

sheriff's department, the county sheriff's office, or its internal offices or divisions for the same

reason:   A county sheriff's office is not a legal entity capable [of being sued] for purposes of

§ 1983").   *See also Petty v. Cty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) ("[U]nder

Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of

§ 1983."), *overruled on other grounds by Twombly*, 550 U.S. at 561-62.

The complaint should be dismissed against defendants Harris, Gue, Majher, and Chaffins

in their official capacities.   Plaintiff has failed to allege that his rights were violated by a custom

or policy of the City of Ironton or Lawrence County, as would be required to hold these

defendants liable in an official capacity.   *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690

(1978).

Plaintiff has also failed to state a claim upon which relief may be granted against

defendants Delawder, St. Mary's Hospital, or the John Doe doctor under § 1983.   Plaintiff does

not allege that defendant Delawder was personally involved in the May 18, 2019 incident, and

Delawder may not be held liable under § 1983 on a theory of *respondeat superior*.   *Grinter v.*

*Knight*, 532 F.3d 567, 575 (6th Cir. 2008).   Plaintiff merely alleges that on a single occasion

Delawder told plaintiff that Delawder was angry because defendant Majher was disciplined as a

result of the May 18, 2019 incident.   Such an allegation is by itself insufficient to support a

constitutional claim.   *See Johnson v. Dellatifa,* 357 F.3d 539, 546 (6th Cir.2004); *cf. Small v.*

*Brock*, No. 19-1841, 2020 WL 3481685, at *2 (6th Cir. June 26, 2020).   Further, plaintiff does

not allege facts from which the Court can infer that St. Mary's Hospital or the John Doe doctor

violated plaintiff's constitutional rights.[2]   Rather, plaintiff's claims against St. Mary's Hospital

---

[2]To the extent that plaintiff alleges that his catheter was "ripped out," he does not allege by whom or
provide any other factual allegations relating to the removal of the catheter.   To state a claim, a complaint must

6

and the John Doe doctor sound in alleged negligence and medical malpractice, which are

insufficient to state a claim under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

To the extent that plaintiff alleges that any defendant law enforcement officers failed to

properly investigate the alleged May 18, 2019 incident (*see* Doc. 1-1, at PageID 23), plaintiff has

failed to state a claim upon which relief may be granted. *See Diamond v. Charles*, 476 U.S. 54,

64-65 (1986); *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002) (finding there

is no "constitutional, statutory, or common law right that a private citizen has to require a public

official to investigate or prosecute a crime.") (quoting *Doe v. Mayor and City Council of*

*Pocomoke City,* 745 F. Supp. 1137, 1138 (D. Md. 1990)).

Next, to the extent that plaintiff requests that the charges against him be dropped, such a

claim should be dismissed without prejudice. A federal court must decline to interfere with

pending state proceedings involving important state interests in the absence of extraordinary

circumstances. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is mandated where,

as here, federal court intervention would "unduly interfere[ ] with the legitimate activities of the

State." *Younger*, 401 U.S. at 44. Where *Younger* abstention is appropriate, dismissal of the

plaintiff's claim without prejudice is warranted. *See Zalman v. Armstrong*, 802 F.2d 199, 207

n.11 (6th Cir. 1986). The Court should therefore dismiss plaintiff's claim that his charges

should be dropped without prejudice. *See, e.g., Williams v. Underwood*, No. 3:19-CV-P208-

CRS, 2019 WL 3769634, at *4 (W.D. Ky. Aug. 9, 2019) (dismissing the plaintiff's claim that his

charges should be dropped without prejudice).

Finally, having concluded that plaintiff has failed to state a federal constitutional claim

---

provide more than "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557.

against defendants Ironton Police Department, Lawrence County Sheriff's Department, Michael Delawder, St. Mary's Hospital, and the John Doe doctor, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any state-law claims against these defendants and dismiss any such claims without prejudice.

Accordingly, in sum, plaintiff may proceed at this juncture with his claims against defendants Harris and Gue, in their individual capacities, for excessive force and, in an abundance of caution, against defendants Majher and Chaffins, in their individual capacities, for failure to protect. However, for the above-stated reasons, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff has failed to provide summons or U.S. Marshal forms for service of process. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for each of defendants Harris, Gue, Majher, and Chaffins. Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claims against defendants Harris and Gue, in their individual capacities, for excessive force and, in an abundance of caution, against defendants Majher and Chaffins, in their individual capacities, for failure to protect.

2. Plaintiff's claim that his charges should be dropped be **DISMISSED without prejudice.**

3.      The Court **DECLINE to exercise supplemental jurisdiction** under 28 U.S.C. § 1367(c)(3) over any state-law claims against dismissed defendants Ironton Police Department, Lawrence County Sheriff's Department, Michael Delawder, St. Mary's Hospital, and the John Doe doctor and **DISMISS** any such claims **without prejudice.**

### IT IS THEREFORE ORDERED THAT:

1.      Within **thirty (30) days** of receipt of this Order, plaintiff is **ORDERED** to submit completed summons and United States Marshal forms for each of defendants Harris, Gue, Majher, and Chaffins.

2.      The **Clerk of Court** is **DIRECTED** to send to plaintiff a summons form and a United States Marshal form for this purpose.   Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

Date:___7/1/2020_____

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL D. MAZE,                         Case No. 1:20-cv-402
       Plaintiff,

                                            Black, J.
     vs                             Litkovitz, M.J.

IRONTON POLICE DEPARTMENT, *et al.*,
       Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).