# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. MAZE,<br>　　Plaintiff, | Case No. 1:20-cv-402<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| IRONTON POLICE DEPARTMENT, *et al.*,<br>　　Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate currently housed at the Richland Correctional Institution ("RCI") in Mansfield, Ohio, initiated this action in May 2020 pursuant to 42 U.S.C. § 1983 and Ohio state law.[1] (Doc. 1-1). Plaintiff brings claims arising out of an incident at St. Mary's Hospital, in Ironton, Ohio, where he allegedly was restrained by Ironton police officers and sustained injuries that required treatment at the hospital. (*Id.*).

On July 2, 2020, the undersigned conducted a *sua sponte* review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and dismissed plaintiff's complaint with prejudice, with the exception of his claims against defendants Harris and Gue, in their individual capacities, for excessive force, and defendants Majher and Chaffins, in their individual capacities for failure to protect. (Doc. 5). On July 20, 2020, the Court ordered the United States Marshal to serve a copy of the complaint, summons, the Order granting plaintiff leave to proceed in forma pauperis, the July 2, 2020 Order and Report and Recommendation, and the July 20, 2020 Order upon defendants Harris, Gue, Majher, and Chaffins as directed by plaintiff. (Doc. 8). As provided in the U.S. Marshal process receipt and return form, summons were returned unexecuted as to defendants Gue and Harris. (Doc. 15).

---

1 At the time plaintiff filed his complaint, he was a pretrial detainee at the Lawrence County Jail. (Docs. 1-1, 5).

On October 16, 2020, the Court ordered plaintiff to show cause, within 20 days of the filing date of the Order, why the complaint should not be dismissed for lack of service upon defendants Gue and Harris. (Doc. 19). Plaintiff has not responded to the Court's Order and there is no indication that plaintiff has made any attempt to serve these defendants since that time. Plaintiff's complaint against defendants Gue and Harris should therefore be dismissed for lack of service. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (proper service of process is required in order for the Court to obtain personal jurisdiction over each defendant).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint against defendants Gue and Harris should be **DISMISSED** without prejudice for failure of service.

Date: 2/23/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL D. MAZE,　　　　　　　　　　　　　Case No. 1:20-cv-402
　　Plaintiff,　　　　　　　　　　　　　　　　　Black, J.
　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

vs.

IRONTON POLICE DEPARTMENT, *et al.*,
　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3