UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. MAZE,<br>    Plaintiff, | Case No. 1:20-cv-402<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| IRONTON POLICE DEPARTMENT, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate currently incarcerated at the Richland Correctional Institution in Mansfield, Ohio, initiated this action in May 2020 pursuant to 42 U.S.C. § 1983 and Ohio state law.[1] (Doc. 1-1). Plaintiff brings claims arising out of an incident at St. Mary's Hospital, in Ironton, Ohio, where he allegedly was restrained by Ironton police officers and sustained injuries that required treatment at the hospital. (*Id.*).

As background, on July 2, 2020, the undersigned conducted a *sua sponte* review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and dismissed plaintiff's complaint with prejudice, with the exception of his claims against defendants Harris and Gue, in their individual capacities for excessive force, and defendants Majher and Chaffins, in their individual capacities for failure to protect. (Doc. 5). On July 20, 2020, the Court ordered the United States Marshal to serve a copy of the complaint, summons, the Order granting plaintiff leave to proceed in forma pauperis, the July 2, 2020 Order and Report and Recommendation, and the July 20, 2020 Order upon defendants Harris, Gue, Majher, and Chaffins as directed by plaintiff. (Doc. 8). As provided in the U.S. Marshal process receipt and

---

[1] At the time plaintiff filed his complaint, he was a pretrial detainee at the Lawrence County Jail. (Docs. 1-1, 5).

return form, the summons was returned unexecuted as to defendant Majher.[2] (Doc. 21). To date, service remains unexecuted as to defendant Majher.

On October 19, 2020, defendants Chaffins and Majher filed a motion to dismiss the instant action. (Doc. 18). Plaintiff was notified that failure to respond to the motion within twenty-one days of receipt thereof may be cause for the Court to consider dismissal for failure to prosecute. (Doc. 20).

On February 23, 2021, the Court issued an Order to plaintiff to show cause, in writing and within twenty days of the date of its Order, why the Court should not dismiss this case for lack of service upon defendant Majher and for lack of prosecution as to defendants Chaffins and Majher. (Doc. 25). The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed. (*Id*.).

On March 8, 2021, plaintiff responded in writing to the Court's Order and requested that his case not be dismissed. (Doc. 27). Plaintiff sought the appointment of counsel and alleged that he could not proceed with his complaint due to COVID-19 restrictions. (*Id*.). Defendants Chaffins and Majher opposed plaintiff's motion for appointment of counsel. (Doc. 28).

On March 15, 2021, the Court denied plaintiff's motion for appointment of counsel and liberally construed plaintiff's motion as a request for an extension of time to respond to defendants' motion to dismiss. (Doc. 29). The Court granted plaintiff an extension of time until April 5, 2021 within which to file his response to defendants' pending motion to dismiss. (*Id*. at PAGEID 146). To date, plaintiff has not responded to the Court's Order.

---

[2] The Court notes that summons were also returned unexecuted as to defendants Gue and Harris. (Doc. 15). On October 16, 2020, the Court ordered plaintiff to show cause, within 20 days of the filing date of the Order, why the complaint should not be dismissed for lack of service upon defendants Gue and Harris. (Doc. 19). On February 23, 2021, the Court recommended that plaintiff's complaint against defendants Gue and Harris should be dismissed without prejudice for failure of service. (Doc. 26).

2

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Court's Orders warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint against defendants Chaffins and Majher be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 4/12/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL D. MAZE,  
    Plaintiff,

    vs.

IRONTON POLICE DEPARTMENT, *et al*.,  
    Defendants.

Case No. 1:20-cv-402  
Black, J.  
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).